

**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
**100 F Street, N.E.**
**Washington, D.C. 20549**

**OFFICE OF THE
GENERAL COUNSEL**

**Archith Ramkumar
(202) 551-4886
RamkumarA@sec.gov**

February 10, 2025

**VIA ACMS**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re:     *Powell v. SEC*, No. 24-1899 (scheduled for oral argument on February 13)

Dear Ms. Dwyer:

In their February 5 Rule 28(j) letter, petitioners cite two cases, neither of which support their incorrect assertion that the Commission's use of no-deny provisions in settlements violates the unconstitutional conditions doctrine.

First, both cases involve "land-use permit[s]," which are quintessentially government benefits subject to the unconstitutional conditions doctrine. Letter 1; *see* Response Br. 42.   As the Commission explained in its brief, however, the Commission's offers of settlement are not "gratuitous government benefit[s]." Response Br. 42.  Petitioners do not refute this point—and the cited cases do not suggest otherwise—which is dispositive as to their unconstitutional conditions argument. *See* ER60 ("The Commission is not bestowing a benefit on the defendant,

1

Ms. Dwyer, Clerk of Court
Page 2

but rather is acting in the public interest to minimize litigation risk, maximize limited resources, and accelerate the resolution of the case.").

Second, even if the unconstitutional conditions doctrine were applicable here, the cases do not help petitioners, but rather support the Commission's argument that waivers of constitutional rights are consistent with the doctrine when there is a "close nexus" between the waiver and the relevant condition. Letter 2. For instance, in *Thomas v. Cnty. of Humboldt*, 2024 U.S. App. Lexis 32838 (9th Cir. Dec. 30, 2024) (unpublished memorandum), the plaintiffs sufficiently alleged that a municipality conditioned "land-use permits on the settlement of cannabis-related violations *unrelated to the desired permits*," which meant there was "no 'close nexus' between the conditions imposed and the permits requested." *Id.* at *11 (emphasis added). By contrast, there is a close nexus between the narrowly tailored no-deny provisions and the limited remedy afforded to the Commission if a settling defendant publicly denies the allegations. *See* Response Br. 44-45, 48-52. Accordingly, the no-deny policy does not violate unconstitutional conditions and, as petitioners' cases demonstrate, there is no *per se* rule against waivers of constitutional rights in settlements.

Finally, the cases are neither "pertinent" nor precedential. Fed. R. App. Proc. 28(j). Petitioners neglect to indicate that the *Thomas* case is an unpublished memorandum decision. And the other case (*Newberg*) is an inapposite district court opinion—it also concerns land-use permits—decided three months ago.

Ms. Dwyer, Clerk of Court
Page 3

Respectfully submitted,

JEFFREY A. BERGER
Assistant General Counsel

/s/ Archith Ramkumar
ARCHITH RAMKUMAR
Appellate Counsel
Securities & Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9040
(202) 551-4886 (Ramkumar)
RamkumarA@sec.gov